# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY MURGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 2:12-cv-203-PPS |
| v. | ) |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Timothy Murga says he's depressed, and frankly, it's easy to see why. His life seems to be filled with a series of tough breaks. Three decades ago, Murga was evaluated for hearing loss suffered in connection with unprotected exposure to explosives while in the military, and this condition has progressed to the point where he now has medically significant hearing impairment in both ears. A decade ago, he was involved in an automobile accident that has caused constant – and apparently rapidly degenerating – neck pain. Finally, at some point prior to 2007, Murga was diagnosed with hepatitis C. He claims that the depression followed. And exacerbating all of this hardship, Murga has struggled with addictions to alcohol and drugs for most of his adult life.

Murga's applications for Disability Insurance Benefits and Supplemental Security Income were ultimately denied by the ALJ and the Social Security Administration. Murga requested judicial review, and the matter is now before me.

Murga and the SSA spar back and forth about a number of issues. Murga broadly tries to paint a picture of an ALJ who predetermined that he wasn't disabled and then cherrypicked the

1

evidence that supported that decision and discarded the rest as "not credible." The SSA counters that that is precisely the ALJ's job: to weed through contradictory evidence and decide which he or she believes, and which he or she doesn't. Both sides make more-or-less persuasive arguments, and it's going to be difficult for me to resolve all of the complex disputes implicated by this case.

But I don't have to do that at the moment. That's because Murga is right that one issue alone warrants remand. Here's the problem: although the ALJ seemingly determined that Murga had a mild mental impairment, he didn't address that limitation when determining Murga's residual functional capacity to do work. The case law is clear that this failure is a no-no. Whenever an ALJ fails to address *all* limitations in his RFC analysis – regardless of severity of the impairment – a court reviewing the decision has no choice but to send it back to him or her to correct that oversight.

Now, it's certainly possible in this case that – as the SSA points out in its brief – the ALJ just misspoke. He didn't mean to say that Murga had a mild impairment; instead, he *really* meant that it wasn't an impairment at all. There is some language in the decision arguably supporting this theory. But the ALJ said what he said. If he really meant that Murga's depression was so trivial or minimal or well-controlled that it didn't qualify as any impairment, he should have said that. He just didn't.

Perhaps the ALJ and SSA will reach the same result once that error is corrected, and I can move on to the harder questions presented by this case. But until it's fixed, it's premature for me to do that. Therefore, for the reasons set forth below, the matter is **REMANDED** back to the ALJ and SSA for further proceedings consistent with this decision.

**BACKGROUND**

The relevant facts in this case are sufficiently presented in the agency record and ALJ decision, so only a brief summary of the highlights is warranted here. Murga was born in 1956 and was 54 years-old at the time of the ALJ's decision. (R. at 30-31.) As noted above, he suffers from a number of ailments and medical conditions, some of which date back three decades.

First, in 1983, he was diagnosed with a hearing impairment stemming from unprotected exposure to explosions while serving in the military. (*Id.* at 235, 304.) In 2004, he was involved in an auto accident and subsequently experienced constant neck pain. (*Id.* at 231, 269.) The initial diagnosis in 2005 was degenerative disc disease. (*Id.* at 239, 242.) The condition deteriorated throughout the next several years, and in 2009, Murga was diagnosed with chronic hip pain that his doctors attributed to the neck and back disease. (*Id.* at 382.) To make matters worse, in 2005, he was diagnosed with hepatitis C. (R. at 240, 388.) Murga also suffers from depression, which he apparently attributes to his hepatitis diagnosis. (*Id.* at 399-412.) In addition, he has a longstanding problem with alcohol. (*Id.* at 313.)

In his decision denying Murga disability, the ALJ undertook the traditional five step analysis governing social security disability appeals. *See* 20 CFR §§ 404.1520 and 416.920. He agreed during his Step Two analysis that Murga's hearing loss, back and neck condition, and hepatitis C were severe impairments, though he determined that his depression and alcohol dependence where non-severe. (R. at 14.) At the Step Four stage, the ALJ considered the severe impairments and Murga's alcohol dependence – though importantly, not his depression – and concluded that Murga retained the residual functional capacity to engage in medium work as

defined in CFR §§ 404.1567(c) and 416.967(c), subject to a few limitations (most notably including avoiding noises over ninety decibels). (R. at 16.) Then, at Step Five, the ALJ determined that Murga was able to perform his previous work as a maintenance worker, forklift driver and cook's helper.[1] (*Id.* at 19.) He therefore concluded that Murga was not disabled and upheld the DIB and SSI denial. (*Id.* at 20.)

## ANALYSIS

If an ALJ's findings of fact are supported by "substantial evidence" then they must be sustained. *See* 42 U.S.C. § 405(g). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nelms v. Astrue,* 553 F.3d 1093, 1097 (7th Cir. 2009) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Review of the ALJ's findings is deferential. *See Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In making a substantial evidence determination, I must review the record as a whole, but I can't re-weigh the evidence or substitute my judgment for that of the ALJ. *Id.*

Murga asserts a number of arguments that the ALJ's decision was reached in error – indeed, his opening brief is 23 pages long with 13 distinct sections and subsections. Many of these are quite complicated. For example, one doctor (Dr. Kundin) offered seemingly contradictory opinions. First, he seems to say that Murga both should avoid even moderate exposure to noise (although he may have just been reporting what Murga told him), yet at the same time, the doctor formally concluded that Murga only should absolutely avoid noises over

---

[1] I note as an aside that the conclusion that Murga could work in the food services industry is almost certainly wrong due to his hepatitis C diagnosis, which the vocational expert acknowledged at the hearing. (R. at 69.) I encourage the ALJ to explain the finding in more detail – and specifically address Murga's hepatitis C diagnosis – if he still believes on remand that Murga could work in a kitchen.

4

ninety decibels and limit his exposure to noises over eighty decibels. The ALJ seems to have focused on the latter of those without really addressing the former. But as I noted, there's some question as to whether the first statement was really part of Dr. Kundin's opinion. I'll probably need to resolve this potential discrepancy – as well as a number of similarly difficult issues – at some point in this case.

But I don't have to now. As noted above, there's a threshold objection that's sufficient on it's own to warrant remand – Murga's assertion that the ALJ erred when he limited his Step Four analysis to his severe impairments (and arguably his alcohol dependence) and ignored his non-severe mental impairment. This seems to be a clear cut error on its face from a legal standpoint. Federal regulations specify that when the SSA or one of its ALJs assesses a claimant's residual functional capacity to work, all impairments – both severe and non-severe – must be considered. *See* 20 C.F.R. § 404.1523. This is specifically applicable when the mild impairment at issue is depression. *See Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (holding that the ALJ's decision should be vacated when he failed to consider a claimant's non-severe depression); *Richards v. Astrue*, 370 Fed. App'x 727, 732-33 (7th Cir. 2010) (same).

That's all for a good reason. As the Seventh Circuit has explained – again, including in the specific context of mild depression – even a non-severe impairment can put a disproportionately greater strain on a person who concurrently is suffering from a more severe affliction. *See Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010); *Villano v. Astrue*, 556 F.3d at 563. Furthermore, "[a] failure to fully consider the impact of non-severe impairments requires reversal." *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *accord Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003).

The dispositive question in this case, then, is whether the ALJ *fully* considered Murga's mental impairment (*i.e.*, his depression) during the Step Four analysis when he determined that he could engage in medium work. This isn't hard to answer. There's only one mention of "mental impairments" in that portion of the ALJ's decision; it comes when he addresses the opinion of Dr. David Campbell, M.D. (R. at 18.) But it's clear from both the opinion and the record itself that Dr. Campbell, who is an otolaryngologist and a head and neck surgeon (*Id.* at 345), was addressing the "mental" symptoms or manifestations of Murga's hearing impairment. He wasn't focusing on – or even considering, really – Murga's depression resulting from his hepatitis C diagnosis.

The SSA essentially responds by arguing that the ALJ didn't really mean that Murga had a mild mental impairment. Instead, the agency contends, the ALJ *really* meant that it wasn't an impairment at all. By way of support, the SSA points me to the ALJ's Step Two analysis, in which he says at one point that Murga "has *no* functional limitation related to his alleged mental impairments." (R. at 15 (emphasis added).) The agency also notes the part of the ALJ's opinion that characterizes Murga's account of the severity of his mental impairment as "greatly exaggerated and unpersuasive." (*Id.*)

I suppose that's a reasonable argument on its face, and if that's all the decision said, I'd be more inclined to agree with the SSA. The problem is that it *isn't* all that it says. The decision also states at various points, that Murga has "*mild* restriction[s]" and "*mild* difficulties" related to his mental impairment – not "no" restrictions or difficulties. (*Id.* (emphasis added).) It expressly acknowledges that his depression and alcohol dependence are impairments, but then characterizes them as "non-severe." (*Id.*) And most importantly, the decision specifically

6

concludes: "Thus, the undersigned finds that the claimant's alleged mental impairments are non-severe." (*Id.*)

It's impossible to read this language as unambiguously finding that Murga has no mental impairment (as opposed to a non-severe one). Perhaps that's what the ALJ meant. But if so, he didn't say it – in fact, you could argue that he said very much the opposite of it. Therefore, I'm going to err on the side of caution and remand the matter so the ALJ can clarify what he meant in his Step Two analysis. If he really believes that Murga isn't mentally impaired, that needs to be what his finding is. Conversely, if he concludes that Murga does have a mild mental impairment, he needs to address that impairment – in conjunction with all of Murga's other severe and non-severe impairments – during his Step Four analysis.

## CONCLUSION

Therefore, and for the reasons set forth herein, the matter is **REMANDED** back to the agency for further proceedings consistent with this opinion.

**SO ORDERED**.

ENTERED: August 13, 2013.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT