# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY MURGA, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-CV-203-PPS |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## OPINION AND ORDER

I remanded Plaintiff Timothy Murga's social security case because the Administrative Law Judge failed to consider all of Murga's impairments when determining his residual functional capacity to work. Murga has now submitted an application for attorney's fees [DE 32]. Because I find that the government was not substantially justified in denying Murga's benefits on the record before it, the fee petition is **GRANTED**.

Murga made a number of complicated arguments against the ALJ's decision to deny his disability application, but I found that the ALJ's decision had to be remanded for a more straightforward reason. At Step Two of the ALJ's analysis, he determined that Murga's depression was a non-severe mental impairment [R.15]. But when it came time to determine Murga's residual functional capacity at Step Four of his analysis, the ALJ ignored Murga's depression [R. 18]. This was an error so I remanded the case [DE 30]. Murga now seeks attorneys' fees under the Equal Access to Justice Act (EAJA) [DE 32]. The government has filed a brief in opposition [DE 33].

The government's first argument is that Murga should not be awarded fees because the ALJ's decision denying his benefits was substantially justified. Attorneys' fees may be awarded

under the EAJA if either the government's pre-litigation conduct or its litigation position lacked substantial justification. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The ALJ's decision is considered part of the government's pre-litigation conduct, so I only need to make one determination for the entire civil action regarding whether the government's position was substantially justified. *Golembiewski*, 382 F.3d at 724. To be substantially justified, the government's position "must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [the] legal theory." *Cunningham*, 440 F.3d at 863-64 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Golembiewski*, 382 F.3d at 724. The government has the burden on the question of substantial justification. *Golembiewski*, 382 F.3d at 724.

The government faces an uphill battle here. An ALJ's decision that violates "clear and long judicial precedent," or the agency's own rules is not substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009). Federal regulations expressly require that an ALJ consider all impairments - both severe and non-severe - when assessing a claimant's residual functional capacity to work because even mild impairments can put a disproportionally greater strain on a person concurrently suffering from a more severe affliction. *See* 20 C.F.R. § 404.1523; *Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010). This is well-settled law and has been reiterated many times. *Id.*; *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). Here, the ALJ did not consider all of Murga's impairments when he determined Murga's residual functional capacity. He neglected to consider Murga's depression, which the ALJ had previously determined to be a non-severe mental impairment. Since, in doing so, the

2

ALJ ignored well-established law and the agency's regulations, I find that the government's position was not substantially justified.

In their motion, the government argues that the ALJ's error was simply an "articulation error" [DE 33 at 6]. The ALJ found that Murga's depression caused no functional limitations [R. 14-15]. The government argues that this finding indicates that what the ALJ really meant to say was that Murga's depression actually wasn't an impairment at all [DE 33 at 3-6]. The government made a version of this argument in its initial brief in support of the ALJ's decision, and I addressed it in my order [DE 22 at 22-23; DE 30 at 6-7]. My answer remains the same. The ALJ may have meant to say that Murga did not have a mental impairment, but that's not what the decision actually says. The decision repeatedly states that Murga's depression was a non-severe impairment. For example, it states that Murga has "mild restrictions" and "mild difficulties" related to his mental impairments [R. at 15]. It expressly acknowledges that his depression is an impairment and characterizes it as non-severe. *Id*. And the decision concludes: "Thus, the undersigned finds that the claimant's alleged mental impairments are non-severe." *Id.* Since that's what the ALJ wrote, I can't accept the government's argument that the ALJ's mistake was simply an articulation error.

Having found that Murga is entitled to attorney's fees, I must now decide whether the requested attorney's fees are reasonable. This is done by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See INS v. Jean*, 496 U.S. 154, 161 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Hours that are excessive, redundant, or otherwise unnecessary must be excluded. *Hensley*, 461 U.S. at 434.

Murga seeks to recover $11,345.28 in fees and costs. That works out to 60.5 attorney

hours billed at a rate of $185.75 per hour and one hour of assistant time billed at a rate of $95.00 per hour [DE 32-3]. Murga also seeks to recover $12.40 in costs.

The Commissioner argues that Murga hasn't justified the $185.75 per-hour billing rate. Congress has authorized the courts to award an increased hourly rate based upon the cost of living if a fee higher than $125.00 per hour is justified; however, the Seventh Circuit has determined that an enhanced hourly rate is not automatic. 28 U.S.C. § 2412(d)(2)(A); *Matthews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). The *Matthews-Sheets* decision does not prescribe any particular manner in which a lawyer might demonstrate that a cost of living increase for legal services is justified, merely that some adequate justification be provided. *See Gonzales v. Astrue*, No. 1: 10-cv-00899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012).

I find that Murga has provided adequate justification for a cost of living increase. First, Murga's attorney provided documentation showing how he calculated his hourly rates using Consumer Price Index data obtained from the Bureau of Labor Statistics [DE 32-1; DE 32-3 at 2]. This is an accepted method of calculating the increase in the cost of living. *See*, *for example*, *Smith v. Colvin*, No. 1:12-cv-320, 2013 WL 6148100, at *2 (N.D. Ind. Nov. 22, 2013). He also demonstrated that the cost of legal services has increased by providing affidavits from Chicago-area attorneys attesting that they do not accept the non-inflation-adjusted ceiling rate of $125.00 to work social security cases [DE 32-4 - DE 32-9]. This, also, is an accepted method of proof. *Johnson v. Astrue*, No. 2-11-cv-260, 2013 WL 359653, at *5 (N.D. Ind. Jan. 30, 2013); *Arnett v. Astrue*, No: 1:10-cv-226, 2012 WL 3079115, at *2 (N.D. Ind. July 26, 2012); *Scott v. Astrue*, No. 08-C-5882, 2012 WL 527523 (N.D. Ill. Feb 16, 2012) Moreover, Murga's requested rate, $185.75 per hour, is in line with hourly rates approved by other courts in the area. *See, for*

4

*example*, *Cobb v. Colvin*, No. 11 CV 8847, 2013 WL 1787494, at *2 (N.D. Ill. Apr. 25, 2013) (awarding hourly rates of $184.75 for work done in 2012); *Bias v. Astrue*, No. 11 C 2247, 2013 WL 615804, at *2 (N.D. Ill. Feb.15, 2013) (awarding hourly rates of $181.25 based on the October 2011 CPI); *Misener v. Colvin*, 1:12-CV-036 JD, 2013 WL 6062709 (N.D. Ind. Nov. 18, 2013) (awarding hourly rates of $183 for work done in 2012).

The government also questions the number of hours Murga's attorneys spent preparing the case, arguing that Murga's attorneys made too many weak arguments in their brief. While not every argument Murga made was a winner, Murga's brief was not unreasonable or too lengthy. The reason for remand in this case ended up being straightforward, but that doesn't mean Murga's other arguments were unnecessary or a waste of time. Social Security cases can be complicated, fact-intensive matter and often require extensive briefing. I have reviewed the time entries submitted by Plaintiff's counsel and have not found them excessive or redundant. Nor has the government pointed out any suspect entries. Moreover, the requested number of hours, 60.75 attorney hours and one hour of legal assistant time, is right on the edge of the permissible range for social security cases found in this Circuit, 40 to 60 hours. *See*, *for example*, *Copeland v. Astrue*, 2:11-CV-363, 2012 WL 4959482 (N.D. Ind. Oct. 17, 2012) (awarding $12,404.29 in fees and $386.07 in costs); *Schulten v. Astrue*, No. 08 CV 1181, 2010 WL 2135474, at *6 (N.D. Ill. May 28, 2010) (collecting cases) (holding that 40-60 hours falls within the "permissible range for social security cases, which has been noted to be 40-60 hours"); *Martinez v. Astrue*, No. 2:10-CV-370-PRC, 2012 WL 1563907 (N.D. Ind. April 30, 2012) (awarding $11,072.81 in fees); *Reed v. Astrue*, No. 08-5604, 2010 WL 669619, at *3-4 (N.D. Ill. Feb.19, 2010) (awarding $10,710 in attorneys' fees for 63 hours of attorney time); *Simms v.*

*Astrue*, No. 2:08-CV-00094-PRC, 2009 WL 1659809, at *6 (N.D. Ind. June 12, 2009) (awarding fees for 55.2 hours of attorney time); *Gibson-Jones v. Apfel*, 995 F. Supp. 825, 827 (N.D. Ill.1998) (awarding $8,044.50 in attorneys' fees for 65.75 hours of attorney time).

## CONCLUSION

For the reasons stated above, I find the government's position to be without the reasonable basis in law and fact required to render it substantially justified. Accordingly, the Court **GRANTS** Murga's petition for attorney's fees and costs [DE 32]. The clerk shall enter **JUDGMENT** on the award of fees and costs. Defendant Commissioner of Social Security is **ORDERED** to pay Murga's fees and costs in the amount of **$11,345.28**

**SO ORDERED.**

ENTERED: April 3, 2014    /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT